UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) 2:16-cr-00075-JDL-3 |
| | ) |
| VINCENT CASAZZA, | ) |
| | ) |
| Defendant. | ) |

### ORDER ON DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION

On January 28, 2021, Vincent Casazza filed a motion requesting that the Court recommend to the Bureau of Prisons ("BOP") that it reassign him to a halfway house, also known as a residential reentry center ("RRC"), for the remainder of his sentence (ECF No. 324).[1] After careful consideration, I deny Casazza's motion.

### I. BACKGROUND

On September 27, 2016, Casazza pled guilty to one count of Hobbs Act robbery in violation of 18 U.S.C.A. § 1951(a) (West 2021) and one count of brandishing a firearm in furtherance of a crime of violence, aiding and abetting in violation of 18 U.S.C.A. §§ 2, 924(c)(1)(A)(ii) (West 2021). On June 1, 2017, I sentenced him to 85 months in prison. Thus far, Casazza has completed over 80% of his sentence.

---

[1] Casazza's motion was docketed as a motion for compassionate release pursuant to 18 U.S.C.A. § 3582(c)(1)(A)(i) (West 2021). However, Casazza specifically states in his motion that "all [he is] asking for . . . is either home confinement or halfway house," and he notes that a "[h]alfway house is something that is much needed." ECF No. 324 at 1. I therefore construe his motion as one for a judicial recommendation that he be reassigned to an RRC. I do note, however, that were I to construe the motion as one for compassionate release, I would deny the motion, as Casazza does not contend that he has a heightened risk of severe illness or death from COVID-19, and therefore does not present extraordinary and compelling reasons for his release.

Casazza is currently incarcerated at FCI Ray Brook, with an anticipated release date of May 18, 2021.

In Casazza's motion, he asserts that he has a job waiting for him upon his release from prison, and that he has a plan to reside with his mother and stepfather. He notes his desire to be "out of prison working" as opposed to remaining incarcerated, where he is at risk of contracting COVID-19. ECF No. 324 at 2. He further notes his belief that placement in an RRC is "much needed" for his transition from prison. *Id.* at 1.

A report prepared by the United States Probation and Pretrial Services Office shows that while incarcerated, Casazza has completed a drug education course, along with an array of educational courses. The report shows that Casazza received two disciplinary reports: one for admitting to letting another inmate use his phone account, and one for accepting money without authorization. However, there are no reports indicating that Casazza has been violent or has otherwise participated in dangerous activities while incarcerated.

## II. DISCUSSION

The BOP has plenary authority over RRC decisions, *see Tapia v. United States*, 564 U.S. 319, 331 (2011), but federal law permits a sentencing court to make a nonbinding recommendation to the BOP regarding a particular defendant, *see* 18 U.S.C.A. § 3621(b) (West 2021). Some courts have granted defendants' requests for such a recommendation, typically "emphasiz[ing] the defendant's post-sentencing rehabilitation, the criminal record, and any recommendations from BOP personnel." *United States v. Stile*, No. 1:11-cr-00185-JAW, 2018 WL 4219192, at *3 (D. Me. Sept.

5, 2018) (collecting cases). More frequently, however, courts have denied such motions, often noting that the BOP is significantly better positioned to distinguish the movant from the other prisoners who might also be eligible for RRC placement. *See United States v. Perry*, No. 2:13-cr-00049-TLN, 2017 WL 1534275, at *2 (E.D. Cal. Apr. 28, 2017) (collecting cases); *accord United States v. Tardif*, No. 2:16-00080-JDL, 2021 WL 242423, at *2 (D. Me. Jan. 25, 2021); *United States v. Smith*, No. 2:10-CR-154-DBH, 2011 WL 5842567, at *1 (D. Me. Nov. 18, 2011).

Casazza's self-reported plan for release appears to be a strong one, and the United States Probation and Pretrial Services report indicates that Casazza has used his time in prison productively. Given the fact that he is near the end of his sentence, it seems likely that placement in an RRC would benefit Casazza in his transition from incarceration, particularly given his evident desire to take advantage of an RRC's services.

However, in my view a recommendation for placement in an RRC should be reserved for the unusual circumstance in which the court has information about the defendant that the BOP either does not have or might not weigh appropriately. In ruling on Casazza's motion, I have not had the benefit of input from the BOP. Moreover, there is no suggestion that the BOP does not have access to the same information about Casazza's conduct, history, and qualifications for early placement as I do, and the BOP undoubtedly has information that I lack: for instance, the availability of RRC placements and how Casazza ranks in relation to other eligible defendants.

Based on the knowledge I have of Casazza from his sentencing, the information he reports in his motion, and the information provided by the United States Probation and Pretrial Services Office, it appears that Casazza would be well-served by placement in an RRC. However, the BOP is in the best position to distinguish Casazza from other prisoners, and I conclude that the record does not permit me to issue a judicial recommendation.

For the foregoing reasons, Casazza's motion for judicial recommendation (ECF No. 324) is **DENIED**.

**SO ORDERED.**

Dated: March 4, 2021

> \_\_\_\_\_/s/ JON D. LEVY\_\_\_\_\_
> **CHIEF U.S. DISTRICT JUDGE**